CRAIG FRANCIS SZEMPLE
#263906
NORTHERN STATE PRISON
POB 2300 FRONTAGE ROAD
NEWARK, NJ 07114
Plaintiff/Pro-se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br><br>RUTGERS UNIVERSITY,<br>UCHC,SAINT FRANCIS<br>MEDICAL CENTER, SFMC,<br>NEW JERSEY DEPARTMENT OF<br>CORRECTIONS;NJDOC<br>COMMISSIONER,NJDOC<br>GEORGE ROBINSON,<br>ADMINISTRATOR, NORTHERN<br>STATE PRISON,HESHAM SOLIMAN<br>M.D., ART BREWER, PHD<br>WILLIAM BRIGLIA,DO<br>SHARMALIE PERERA, M.D.,UCHC<br>SANDRA CONNOLLY,M.D MICHELLE<br>BOROWSKI, MD, MD,RAJIV<br>SHAH,M.D.,SFMC;GEETHA<br>CHRISHIKESAN, MD<br>RHODA KEUTO,RN,MAUREEN<br>KOMARASKI,LPN, G. WHITE,<br>FEDEI,APN, SCO SAUNDERS<br>SCO GONZALEZ,SCO RAMOS,<br>SCO CULIBETTE,SCO MORTON,<br>(FIRST NAMES UNKNOWN),NJDOC<br>CENTRAL TRANSPORT UNIT<br>JOHN AND JANE DOE(S), 1-10<br>(FICTICIOUS NAMES, REAL<br>NAMES UNKNOWN)<br><br>    Defendants. | Civil Case No.<br><br>**CIVIL ACTION**<br><br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

Plaintiff Craig Szemple complains against the Defendants
RUTGERS("RUTGERS"),SAINT FRANCIS MEDICAL CENTER("SFMC") New
Jersey Department of Corrections ("NJDOC"), Commissioner NJDOC
GARY LANIGAN ("LANIGAN"), DR. HESHAM SOLIMAN ("SOLIMAN") ART
BREWER ("BREWER"),WILLIAM BRIGLIA (BRIGILIA"),  George
Robinson,Administrator NSP ("Robinson") SHARMALIE PERERA
("PERERA"),,SANDRA CONNOLLY ("CONNOLLY"),MICHELE
BOROWSKI,(BOROWSKI"),RAJIV SHAH,("SHAH"),FEDAI A. ("FEDAI")
RHODA KEUTO ("KEUTO"),MAUREEN KOMARASKI("KOM"),
GONZALEZ("GONZALEZ"),MORTON ("MORTON")NEW JERSEY CENTRAL
TRANSPORT UNIT, (NJCTU")and ficticious names,real names unknown)
and respectfully alleges:

## PARTIES

1.     Plaintiff, Craig Francis Szemple, is an inmate
committed to the care and custody of the New Jersey Department
of Corrections, housed in the Northern State Prison, in the
City of Newark, Essex County, New Jersey. Mr. Szemple's inmate
number is 263906.

2.    Defendant UCHC-RUTGERS is an entity existing under
the laws of the State of N ew Jersey, with a registered office
for the acceptance of service, and a principal place of business
and conducting business located at Whittlsey Road, Trenton,
New Jersey, 08625.

2.    Defendant RUTGERS-UCHC is an entity existing under

the laws of the State of New Jersey, with a registered office for the acceptance of service in care of UCHC, Whittlesey Road, Trenton, New Jersey, 08625 and /or a principle place of business at and conducting business in the State of New Jersey, with a principle office located at POB 863, Trenton, NJ 08625.

3.    Defendant Gary Lanigan is the Commissioner of the NJDOC, with an office for the acceptance of service at Department of Corrections, Whittlesey Road, Trenton, New Jersey, 08625.

4.    Defendant Art Brewer is the Assistant Director in charge of Health Services of the NJDOC, with an office for the acceptance of service at Department of Corrections, Whittlesey Road, Trenton, New Jersey, 08625.

5.    Defendant William Brigilia is the Supervisor of the Health Services Unit of the NJDOC, with an office for the acceptance of service at Department of Corrections, Whittlesey Road, Trenton, New Jersey 08625.

6.    Defendant Robinson is and was at all material times mentioned in this complaint, the Administrator of the Northern State Prison, located in the City of Newark, Essex County, New Jersey, with an office for the acceptance of service at Department of Corrections, Whittlesey Road, Trenton, New Jersey 08625.

7.    Defendants Geetha Krishikesan, Rhoda Keuto, Maureen Komoraski, SCO Gonzalez, is and was at all times mentioned in this complaint, staff members here at NSP, located in the city of Newark, Essex at an an office, with an office here for the acceptance of service.

8.    Defendants RAJIV SHAH, MD AND SAINT FRANCIS HOSPITAL is and was at times mentioned in this comlaint have offices for purposes of acceptance of service,SFMC, Hamilton Ave, Trenton, NJ 08608.

9.    John and Jane Doe(s) 1-10 fictitious names, real names unknown), are individuals, corporations, partnerships, or other entities, who performed, directed, instructed, ordered and/or were otherwise responsible for the care, services, and/or treatment of patients in the custody of the NJDOC, including NSP, where the Plaintiff, is housed, and whose identities are not known to the Plaintiff at this time.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to Title 42 U.S.C. § 1983 and Title 28 U.S.C. §§ 1339 and 1343(a). This court has supplemental jurisdiction over the State law claims pursuant to Title 28 U.S.C. § 1367(a). Venue in this district is proper because the Plaintiff is located and, upon information and belief, all defendants reside in the district or are located in the district.

## FACTUAL BACKGROUND

11.    Plaintiff was placed in the care and custody of NJDOC in the NJSP in or around 1994.

12.    Plaintiff entered NJSP without any specific abdomenal complaints and in overall excellent health. Eventually, on or about 2009 due to a lack of professional medical care, by UCHC-Rutgers, as well as actions that constitute medical malpractice, deliberate indifference and negligence to the Plaintiff's medical condition, namely bilateral inguinal bilateral hydroceles, umbilical hernia, the Plaintiffs medical condition deteriorated to the point, that surgery was urgently called for but delayed for another 6 YEARS. This delay gives the term Negligence new meaning. Then when the surgery was performed, the mesh inplants that were placed into the plaintiff were defective. These set of actions and non actions have caused the plaintiff great harm. This is utterly incomprehensible as there were multiple cat scans and mri's and ultra sound tests that substantiated the presence of hernias and hydroceles and that the defendnats in this matter knew that the mesh inplants were defective. what further harmed the plaintiff, The defendants in 2017, here at NSP, under the guidance of defendants Perera/Connolly incomprehensibly went on a medication reduction campaign, with no regard to the negative effects that this move has had on the plaintiff. When confronted with this deterioate situation, the reply that the plaintiff got from both defendants, was, "Pain is good for you, deal with it." The defendant Fedai, told the plaintiff the following, when plaintiff complained about the increase in level of pain level that he was experiencing,"You Americans are all weak, especially you Jews. In the middle east, we don't take pain med's and we built the

pyramids without doctors or nurses to care for us. America is a weak country and the Jews are the worst of the lot " Upon hearing these anti semitic rantings of this Arab, the plaintiff got up and walked out of her office, not wanting to be further berated for being a Jewish American.

13. Inspite of the surgeries that defendants finally performed, the Plaintiff tragically suffered and continues to suffer from bilateral inguinal hernias, umbilical hernia's and bilateral hydroceles, caused by defective hernia mesh inplants that were inserted into the plaintiffs body with the knowledge of these very defendants. The implantations of defective mesh inplants was premeditated and done with malice and forethought.

14. The defendants stated on more than one occasion to the Plaintiff that, "The cost to RUTGERS-UCHC to restore Plaintiff's health, to what it was prior to the failed hernia prior to the implantation of defective mesh inplants into the plaintiff,'substantially more expensive than simply allowing nature to heal them." This was all prior to the injuries suffered in transit in between SFMC and the prisons where plaintiff was being housed. Being driven around in the undersized metal compartment, in the 'Freddie Gray' Vans would be, tantamount to causing further injury to the plaintiff. Dr. Connolly made this provocative and utterly bizarre statement, at the direction of and under the orders of Dr. Perera, on October 16, 2018.. Dr.'s Perera AND Connolly, working in tandom, by placing him in a dangerous condition with not only this plaintiff, but to the population at N.S.P. stated that despite

the written orders, as well as verbally stated orders, in effect

for some 15 years, which ordered NJDOC to transport this

plaintiff in a 'wheelchair accessable van' for court, hospital

trips" to prevent the very injuries that the plaintiff sufferred

immediately after the April 2016 surgery, that in effect tore

open the operation site on the right side of the plaintiffs

abdomen, and of course the October 15, 2018 fiasco that saw

the plaintiff getting severly injuried in his road trip, and

then seeing his injuries covered up. Provider Fedai was

instructed to paper over the injuries upon examination the UCHC's

new found specialty,as became widely known, as espoused by Perera

and Connolly was to ignore as many cases as possible. UCHC Policy

was to work as cheaply as possible, and the medical dept. at

NSP followed this policy with vigor and much energy. Defendant

Perera instructed her immediate subordinate Connolly to

discontinue as many medications and medical procedures that

she could to bring down the costs to the RUTGERS/UCHC.

　　　　15.　　　Since appx. June 2018 Inmates, by and large didn't

complain, because as UCHC staff simply said, and to quote UCHC

Perera/Connolly, "They" [inmates] don't know better, and never

received medical are on the street, therefore they will accept

anything that we tell them without checking on the proofs."

This policy, while not found in writing, was verbalized often

by staff medical　　　　　　　　　　　　　　　　became a

mantra that often guided how patient care was administered here

at NSP. A graphic example that I personally heard often was,"as

an example of the inmates ignorance was that to think that if

...see tooth isn't in the mouth, it can't cause them anymore pain." The analogy to medical conditions could not have been clearer.

16.     This attitude was carried on as far as hernia repairs were concerned and UCHC's policy was to regard hernia surgery as 'cosmetic surgery, and was elective surgery, that is the decision to operate wasn't viewed as emergent, rather elective. UCHC's actions and behavior are so reprehensible, and unprofessional, reeking of medical malpractice, negligence, deliberate indifference, never mind illegal and tawdry medical practices, that this complaint is now bought before the court. after complaining of abdomenal pain, that manifested itself as a 24 hour medical dilemna, that made its face known, by way of the left inguinal hernia bursting its way thru the abdomenal tear and was bulging out of the side of my abdomen, which found this plaintiff in debilitating pain, and incapcitated him on more than one occasion. I found myself having to push the bulge back into my stomach. Furthermore, the bulge pushed its way out when I sat down to move my bowels, and one of the symptoms of having this left inguinal hernia was to know that the pressue was a signal to move my bowels, and in fact, that wasn't then case. This was, in medical terms, a bowel obstruction. However, I ended up, having to sit on the toilet bowl for literally hours trying to move my bowels, when in fact they did not need to go.

17.     This in effect was bowel obstruction because when I had to go, the blockage of intestines that came about as a

result of the inguinal tear was to develop into what is referred to as an 'incarcerated hernia' meaning the intestines were twisting up and could easily lead to the most serious of all hernias called a strangulated hernia, which could lead to death. A cat scan was taken in 2016 and this indicated that I had a bilateral inguinal hernia, with then right inguinal hernia not as bad as the left. This diagnosis differed from the cat scan taken on April 3, 2013 6 years ago to the day) which first indicated the presence of a hernia-notably this occurred when plaintiff was at NSP.

16.     Finally, in February 2016 The left inguinal hernia was operated on and defective mesh was inserted into the plaintiff. Subsequently, in April 2016 the right side was operated on. In both hernias, what the defendants knew but refused to tell the plaintiff, was that the hernia mesh inplants placed into his body were defective and had already been recalled by their manufacturer, BARD, Inc. Of significance, and what makes this case all the more reprehensible, is that the defendants knew before hand that the devices inpalnted, would rupture and cause the inmate serious or even fatal harm to this plaintiff. The stress of being told that the only way to alleviate the pain, "was to ignore the pain" after the symtoms of a failed surgery occured, was beyond the realm of American Medical Standards. What once was a healthy abdomen, subsequent needless pain and uncontrolled bleeding that went on for 3 days caused the Plaintiff irreparable medical harm, and I suffered psychological damage in the process.

20.    The suffering that the Plaintiff was forced to go through by the defendants indifference, significantly contributed to other very serious medical conditions that the Plaintiff was also suffering from, namely severe coronary artery heart disease which necessitated life saving open heart surgery in October 2001. Plaintiff has further been damaged by subsequent conditions that evolved as a direct result of medical malpractice by the defendats, namely, bilateral hydroceles, and the umbilical hernia, that was not present on the day that the plaintiff was sent for another cat scan with contrast dye injected into the plaintiffs veins on October 15, 2018. NJDOC and UCHC doctors administered medical examinations, and x-rays were taken on the Plaintiffs abdomen that indicated in every examination and on every x-ray, that the affected hernia needed to be restored via surgery but UCHC and it's staff, through deliberate indifference and neglect, refused to administer the proper medical treatment and this deliberate neglect allowed for the subsequent destruction of Plaintiffs permanent intestinal wall and caused needless pain, and suffering to the Plaintiff and for recurrent surgery to be performed on the plaintiff, by way of reopening up the patients abdomen for a third time to repair the defective device that was implanted in the april and february 2016 surgeries. at the writing of this complaint, the defendants wish to operate on both the bilateral hydroceles, to reduce the swelling in the plaintiffs scrotum, and to repiar the tear in the umbilical wall. Every UCHC doctor that examined the plaintiff and several of the attending medical assistants

months to see if the lump in his right side would go down. I
could feel the mesh through my skin as a metalic mess protruding
out my right side. On August 10, 2016 I was again told by Dr.
Shah that if the right side still manifested the same symptoms,
that recurrent surgery would be performed at SFMC in December,
2016.  On December 16, 2016 Plaintiff presented himself to UCHC
with a complaint of having the same symptoms he had  before
the first surgery.  Plaintiff refused this treatment at this
time, despite the severe pain that he was in with this problem.
UCHC refused to give the Plaintiff anything for the pain and
this further complicated the situation that the plaintiff was
now embroiled in.

22.    On December 16th,2016  Plaintiff again presented
himself to UCHC because the pain in my abdomen grew extreme,
and Plaintiff was unable to sleep or eat, or function.
On February 3,2017  after being repeatedly denied proper care
by UCHC and in incredible pain, Plaintiff consented under pain
and in great distress to having the affected area treated even
if it meant more surgery.

23.    On March 8th, 2018 Plaintiff presented himself
again to UCHC and was told by connolly that pain was no longer
recognized by UCHC, BUT if I wanted to sign up for the Suboxin
program that was now being run at the prison with fedreal
dollars, I could sign up. Perera and connolly were using this
program as a substitute for pain medications previously
administered to inmates. In effect, Suboxin was a substitute
for opiates and was the modern day version of 1960-1970's version

of methadone. I responded to both Perera/connolly, "[that] I would never agree to be administered with this disingenious method of pain med substitution, because I recognized exactly what they were doing, and I would have no part of this UCHC nonsense." UCHC adjusted the patient medical chart on that day to reflect these conversations in a light best suited for their position. The medical chart and the late entry's entered more than a month ......... ...... ....... ....... ween treatments represent a defendant very concerned about future litigation over their medical malpractice and negligence and deliberate indifference. The altering of the patients chart represents nothing more than a cover up by UCHC, and a feeble attempt at that of what UCHC did and didn't do over the course of time

23.     Repeatedly,in 2018 over the course of the next 2-4 years the Plaintiff was told that that hernia surgeries would never be done by UCHC at NSP. Plaintiff's medical care and health was getting precarious. On August 25th, 2014 Plaintiff presented himself to UCHC to get surgery done, because the hernia on the left side was protruding out ofhis abdomen. At wit's end, the Plaintiff proceeded to write to Ms. White who was the Ombudsmen for the institution about the situation with UCHC, and was scheduled to see UCHC's expert on hernias.

24.     On October 4th, 2018 Plaintiff presented himself to UCHC to see Dr.Soliman. The doctor never showed up for the meeting. Dr. connolly actions of july 2018 to date have been incomprehensible for the lack of medical knowledge and ethics. Plaintiff continues to suffer physically and emotionally, and

because of the negligence of defendants the right side was
postponed for 6-8 weeks. this became a medical and ethical
debackle for the defendants. Now, after going to see the UCHC
doctors for hernia repair surgery caused by defendants
indifference and malpractice, the Plaintiff, after speaking
and writing multitue of letters to different Ombudsmens, as
well as the medical directors of UCHC and NJDOC Medical- Does
writing still another remedy form (13 remedy forms in 6 years)
about the lack of proper medical treatment for his hernias,
for the pain, for the infections, for the bowel obstructions,
for the mech migration, namely lack of restorative surgery.
Plaintiff has now been told, that UCHC <u>does</u> not encourage hernia
surgery, because they refer to this kind of surgery as,"cosmetic
surgery", <u>and always did</u>, but that, "it is to late to save his
abdomen, as was stated. In or about 1996, UCHC entered into
a contract with NJDOC. Under the terms of this contract or
agreement, UCHC acts as the exclusive provider of medical
treatment and related services to the inmates and detainee's
housed in NJ correctional facilities, including the NSP, where
the Plaintiff is housed. In or about 1996 UCHC entered into
a contract with  RUTGERS as a sub contractor in it's contract
with NJDOC. UCHC took over as the exclusive provider of medical
services to the inmates of NSP, where the Plaintiff is housed.

      28.     Due to the deliberate lack of medical attention,
as well as medical malpractice, deliberate neglect and deliberate
indifference to the plaintiff, he has sufferred both short term
and long term harm and significant damages due to the defective

mesh devices. Defendant UCHC violated fundamental standards of care governed and noted by American Medical Standards as set forth by Title 46, Chapter 6 of the New Jersey Statutes.

29.     On July 19, 2014 Plaintiff again presented himself to UCHC with lower left abdomenal pain. The hernia's that was to be repaired should of been handled in a more expedited manner to have prevented secondary disabilities, which did occur. The doctors insightfully told the Plaintiff that the treatment that he would recommend if I were a patient of his on the street, "would be a hernia mesh that wasn't defective on this hernia site, but I was not going to get hernia surgery from UCHC, because they didn't do them because they considered it to be cosmetic surgery." On November 30, 2006 Dr. Elmira Kapchitis made note of a cat scan done on November 28, 2116 of an abnormal test result that detected a questionable peritonelia cyst or similiar lesion in the left pelvic region. In fact, what the cat scan picked up, but was missed by the radiologist was an inguinal hernia tear. Dr. Shah's work was rather "faulty", because less than three days later in spring 2016 the plaintiff manifested signs of migrating mesh, and that the stitches inside his abdomen had come loose. defendants recommended warm compresses. On March 27,2016 Plaintiff presented himself again to UCHC, and was told that he had further surgery scheduled for april 2016 on the right inguinal hernia. On April 30, 2016 UCHC again scheduled Plaintiff to have be seen via telemed by the director of surgery at St. FRancis hospital to discuss the hernia surgeries and was told

fears that the Defendants negligence, medical malpractice and deliberate indifference has contributed significantly to the premature demise of his life. In april 2016, 40 minutes post op, the Plaintiff left SFMC, with his wounds intact, that is, still stitched together with the stitches, and staples the surgeon used. However, due to the transportation vans used, and the reckless driving habits employed by the central transport unit officers to beat the time clock and get off the job sooner than the 8 hour shift would allow, if they were in another njdoc position. Not only were the staples/stitches torn loose from the surgical wound, but getting bounced off the steel walls, in the back of the vans, 2 additional injuries were incurred, namely bilateral hydroceles, and an umbilical hernia. The proofs that these new injuries occurred in route from the hospital to the prison, show up in the c-scan tests that were performed that very day of the injuries which show that the plaintiff left the prison that day without the injuries only to return to the prison with the new injuries, which showed up on the new c-scan test results. Without those test results, there would be no proofs that my allegations proffer. Furthermore, upon arriving back at the prison, I was examined by the medical dept. which is part of the standard prison policy, and I was covered with hemotoma's(large bruises that take the color of being black and blue. The R.N. who examined me and who took the report shows up as JANE DOE and her report, was doctored up, and ultimately revised to cover up the injuries that occurred during the trip.

The very next day, upon being confronted with the injuries,

which were visible to the untrained eye, defendant Dr. Connolly
had defendant Fedai,APN  examine plaintiff, and in an effort
to further brush over the injuries that occurred on the day
before October 15, 2018. The continued inaction by the Defendants
have in effect condemned the Plaintiff and what significantly
adds to the long term damages to the Plaintiff, is the knowledge
that the defective devices used in the surgeries, was known
to be defective, before the surgery was performed, yet they
were still used. That is utterly contemptable and criminal on
so many levels. inmates, urban residents who are charity cases,
who cannot pay, were recipients of these defective devices.due
to the defendants malpractice, indifference and neglect, could
of and should of been switched with the ones that were
deficient. UCHC's method of exploiting a charity hospital, the
dealt with charity cases  where the patients would be less
willing to litigate to correct harm done to them by defendants.

In a patient with heart disease, the hernia surgeries were
done in such a barbaric method without the use of quality devices
that the Plaintiff suffers to this day from recurrent phantom
medical pains in the void where the affected hernias were done.
Defendants now represent to the Plaintiff that the very
treatments that could have prevented this medical/medical fiasco
were available to him, but denied to the plaintiff on the basis
of bolstering the Defendants bottom line profit only exacerbates
the emotional and mental harm to the Plaintiff. The Plaintiff
has been damaged and injured irreparably; still suffers from

the after effects of failed surgeries and the after effects
of having new afflictions bought on by the defendants, and has
been forced to radically alter his lifestyle in an already
confining environment, due to the negligence, medical malpractice
and deliberate indifference of the defendants. The emotional
harm, and stress has taken a toll on the Plaintiff and has
greatly reduced the Plaintiffs life span.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract Causing Damage to Intended Third Party Beneficiary)**

24.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

25.    Defendants RUTGERS/UCHC entered into contractor agreement where RUTGERS/UCHC agreed to be the exclusive provider of medical treatment to the inmates in the custody of the NJDOC.

26.    The inmates in the care and custody of NJDOC, such as Plaintiff, were intended third party beneficiaries of the contract or agreement between RUTGERS/UCHC and NJDOC.

27.    Defendants RUTGERS/UCHC has breached and continues to breach its contract with the NJDOC by refusing to provide treatment to Plaintiff.

28.    Plaintiff has suffered and continues to suffer physical and emotional suffering as a direct result of RUTGERS/UCHC's breach of contract.

29    A special relationship existed between Plaintiff and RUTGERS/UCHC as RUTGERS/UCHC was the exclusive provider of medical treatment to the Plaintiff.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally, and in the alternative, or such of them as may be determined to be

liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## SECOND CAUSE OF ACTION

### (Medical Malpractice)

30.     Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 29 above as if fully set forth herein.

31.     Defendant RUTGERS/UCHC owes the Plaintiff a duty as the exclusive provider of medical services to Plaintiff and other inmates in the custody and care of NJDOC, under the terms of it's contract with NJDOC.

32.     Defendants RUTGERS/UCHC along with NJDOC did not exercise the degree of skill and care ordinarily exercised by doctors and physi...              similar circumstances and were guilty of medical malpractice in failing to take the proper steps to save the limbs and failed in taking the preventive steps to prevent the medical catastrophe that befell the Plaintiff.

33.     Defendants RUTGERS/UCHC and NJDOC conduct fell grossly short of accepted medical standards and as a direct result are guilty of medical malpractice in this case.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## THIRD CAUSE OF ACTION

### (Negligence)

34.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.    Defendant RUTGERS/UCHC owes Plaintiff a duty as the exclusive provider of medical services to Plaintiff and other inmates in the custody and care of the NJDOC, under the terms of its contract with NJDOC.

36.    Defendants breached their duty to Plaintiff by neglecting and refusing to provide proper and necessary medical treatment to the Plaintiff.

37.    Defendants breach of duty it owed to Plaintiff proximately caused and continues to cause the Plaintiff physical and emotional suffering.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such relief and further relief as may be proper.

## FOURTH CAUSE OF ACTION

### (Deliberate Indifference)

38.    Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 37 above as if fully set forth herein.

39.    Defendant RUTGERS/UCHC owes Plaintiff a duty as the exclusive provider of medical services to Plaintiff and the other inmates in the custody and care of the NJDOC, under the terms of its contract with NJDOC.

40.    Defendant RUTGERS/UCHC breached its duty to Plaintiff by ignoring proper medical procedures and by failing to provide proper and necessary medical treatment to Plaintiff.

41.    Defendants breach of duty it owed to the Plaintiff proximately caused and continues to cause the Plaintiff physical and emotional suffering.

42.     WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including a reasonable counsel fees, if any; and,

Plaintiff to have other such relief and further relief as may be proper.

## FIFTH CAUSE OF ACTIO.

### (Punitive Damages)

43.     Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 42 above as set forth herein.

44.     Plaintiff suffers and continues to suffer from physical and emotional harm resulting from RUTGERS/UCHC's continuing refusal to provide necessary and proper medical treatment to Plaintiff.

45.     Defendant RUTGERS/UCHC's continuing refusal to provide necessary and proper medical treatment, and any other medical device to Plaintiff is accompanied by a wanton and willful disregard of Plaintiff.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate jointly, severally and in the alternative, or such of them as may be determined to be liable

under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any, and,

Plaintiff to have such other relief and further relief as may be proper.

## SIXTH CAUSE OF ACTION

### (Breach of N.J.S.A. 30:4-91.1 et seq.)

47.     Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 46 above as if set forth herein.

48.     Defendants RUTGERS/UCHC, NJDOC, SFMC, Hrishikesan, Gonzalez, Lanigan, Soliman, Robinson, Brigilia, Perera, Connolly, Shah, Borowski,Keuto,Komaraski,John Doe(s)1-10, have continually refused to provide Plaintiff with proper and necessary medical treatment, and medical procedures.

WHEREFORE, Plaintiff demands judgment against Defendants RUTGERS/UCHC,NJDOC,SFMC,Hrishikesan,Gonzalez,Lanigan,Soliman, Robinson, Brigilia,Perera,Connolly,Shah,Borowski,Keuto,Komaraski,and John Doe(s)1-10, and respectfully requests that the Court grant Plaintiff equitable relief, specifically a judicial furlough to allow Plaintiff to get the necessary medical treatment and other medical procedures performed.

## SEVENTH CAUSE OF ACTION

### (Breach of N.J.A.C.10A:16)

49.    Plaintiff repeats and realleges the allegations
set forth in paragraphs 1-48 above as if fully set forth herein.

50.    Defendants and RUTGERS/UCHC are required to meet
the standards of N.J.A.C. 10A:16 when providing medical and
dental services, to inmates in the care and custody of NJDOC,
as agents of the NJDOC and under the explicit terms of the
contract between RUTGERS/UCHC and NJDOC.

51.    Defendant RUTGERS/UCHC has violated N.J.A.C. 10A:16
by refusing to provide Plaintiff with proper and necessary
medical treatment.

52.    As a result of defendant RUTGERS/UCHC refusal to
provide the proper and necessary medical treatment, Plaintiff
suffered and continues to suffer physical and emotional harm.

WHEREFORE, Plaintiff Craig Francis Szemple, demands judgment
against the defendants, in their individual and official
capacity, as may be appropriate, jointly, severally and in the
alternative, or such of them as may be determined to be liable
under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from the defendants the cost of this
action including reasonable counsel fees, if any,

An order allowing Plaintiff to get medical treatment as
orders by Dr's Tahmoush, Pizzi, Miller, Destefano and Sackstein
Cifonois, be, that   a       a second,  and  a, appropriate medical
procedures and further medical examinations and procedures
performed as well as follow the doctors orders about sleeping
accomadations;

An injunction compelling defendant RUTGERS/UCHC to comply
with N.J.A.C. 10A:16;and,

Plaintiff to have such other relief and further relief
as may be proper.

## EIGHTH CAUSE OF ACTION

53.    The Plaintiff repeats and incorporates the
allegations complained in the prior counts as if set forth herein
at length.

54.    At all times relevant herein, Defendants,
RUTGERS/UCHC, NJDOC, SFMC,Hrishikesan, Gonzalez, Lanigan
Soliman,Robinson,

Brigilia,Connolly,Perera,Shah,Borowski,Keuto,Komarski,,Connolly,
Shah,John and Jane(s)1-10, were responsible for the development,
implementation and supervision of policies, procedures,
investigations and evaluations concerning the actions of both
officers and civilians in general and the other names defendants.

55.    As a direct and proximate cause of defendants
negligent, wanton and /or reckless development, implementation
and supervision of policies, procedures, investigations and
evaluations concerning the named defendants, the Plaintiff
suffered sever and permanent injuries; and has suffered and
will in the future suffer, great pain and mental anguish; and
was prevented, and in the future be prevented, from engaging
in his pursuits and occupations.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands
judgments against the defendants in their individual and official

capacity as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages:

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## NINTH CAUSE OF ACTION

56. The Plaintiff repeats and incorporates the allegations complained in the prior counts as if set forth herein at length.

57. Defendants RUTGERS/UCHC, NJDOC, SFMC, Hrishikesan,Gonzalez, Lanigan,Soliman,Robinson,Brigilia,Connolly, Perera,Shah,Borowski,Keuto,Komarski,, and John Doe(s) 1-10, did negligently develop, implement and supervise the policies, procedures, investigations and evaluations concerning the actions of the other named defendant.

58. As a direct and proximate result of defendants negligence, the Plaintiff suffered severe and permanent injuries; and has suffered and will in the future suffer great pain and mental anguish; and was prevented, and will in the future be prevented, from engaging in his pursuits and occupations.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgments against the defendants, in their individual, and official capacity, as may be appropriate, jointly, severally

and in the alternative, or such of them as may be determined
to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from the defendants the cost of this
action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief
as may be proper.

## TENTH CAUSE OF ACTION

60.     The Plaintiff repeats and incorporates the
allegations complained in the prior counts as is if set forth
herein at length.

61.     It was the policy, a.                       the others of       and
CDA, RUTGERS/UCHC, NJDOC, aa, Jane and John Doe(s)1-10, to
authorize certain individuals, including, but not limited to
the named defendants to negligently perform their duties in
wanton disregard for persons such as Plaintiff and cause persons
such as Plaintiff to be denied their constitutionally protected
rights, including, but not limited to be free from cruel and
unusual punishment, and unconstitutional incarceration.

62.     These policies and practices of defendants,
RUTGERS/UCHC, NJDOC,
SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer
a,Connolly, Shah, Komarski,Jane and John Doe(s) encouraged,
caused and tolerated constitutional violations by certain other
defendants, whom then aforementioned had supervisory authority.

63.     At all times relevant hereto, defendants

RUTGERS/UCHC, NJDOC,

SFMC,ERISHIKESAN,Gonzalez,Lanigan,Soliman,Robinson,Brigilia,Perer aJane and John Doe(s)1-10, supervised certain defendants, who violated Plaintiffs constitutional rights and encouraged and tolerated the policies and practices described in the foregoing paragraphs.

64.     Defendants, RUTGERS/UCHC, NJDOC, SFMC,ERISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer Connolly, Shah, Komarski,Borowski,Gonzalez,Jane and John Doe(s)1-10, refused to adequately train, direct, supervise, or control certain other defendants, so as to prevent the violations of Plaintiffs constitutional rights.

65.     The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983, for a violation of Plaintiffs civil rights under the color of State law.

66.     As a direct and proximate result of the above mentioned conduct by the defendants named herein Plaintiff suffered severe and permanent injuries and was forced to endure extreme suffering and emotional distress and mental anguish together with a total deprivation of his rights guaranteed to him by the Constitution of the United States of America.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, a may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief a may be proper.

## ELEVENTH CAUSE OF ACTION

67. The Plaintiff repeats and incorporates the allegations complained in the prior counts as if set forth herein at length.

68. The named defendants, RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer Connolly, Shah Jane and John Doe(s), 1-10, knew or should have known of the violation of constitutional rights perpetrated upon Plaintiff by subordinates, but neglected, failed, and refused said wrongful and illegal acts when such defendants had the power to do so have violated Title 42 U.S.C.1986.

69. The above acts where committed by persons and /or entities as the case may be acting under the color of State law and authority and violated clearly established statutory .. constitutional rights of Plaintiff of which a reasonable person would have known.

70. As a direct and proximate result of the aforesaid conduct by the defendants named herein, including any John Does to be named, Plaintiff ................ ....... ........ent injuries and was forced to endure extreme pain, suffering and emotional distress and mental anguish, together with a total deprivation of the rights guaranteed to him by the Constitution of the United

States of America under the Fifth, Eighth, and Fourteenth
Amendments.

71.     The actions of the defendants herein, including
any John Does to be named, were committed and constitute a crime,
actual fraud, actual malice or willful misconduct.

72.     Defendants, including any John Does to be named,
are liable to the Plaintiff for compensatory damages and attorney
fees and costs, in addition to any other appropriate legal or
equitable relief.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands
judgment against the defendants, in their individual and official
capacity, as may be appropriate, jointly, severally and in the
alternative, or such of them as may be determined to be liable
under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from the defendants the cost of this
action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief
as may be proper.

## TWELFTH CAUSE OF ACTION

### (State Intentional Infliction Of Emotional Distress)

73.     The Plaintiff repeats and incorporates the
allegations complained in the prior counts as if set forth herein
at length.

74.     The named defendants RUTGERS/UCHC, NJDOC,
SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer

Connolly, Shah,Jane and John Doe(s)1-10, have intentionally
inflicted emotional distress upon Plaintiff by engaging in a
calculated extreme course of conduct intending to cause Plaintiff
extreme emotional distress.

75.    As a direct and proximate result of the intentional
actions of the defendants, RUTGERS/UCHC, NJDOC,
SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer
Connolly, Shah, Komarski,Jane and John Doe(s) 1-10, designed
to inflict sever emotional distress upon him, the Plaintiff
has been damaged and will continue to be damaged as a result.

76.    The above acts were committed by persons and/or
entities as the case may be acting under the color of State
law and authority and violated clearly established statutory
or constitutional rights of Plaintiff of which a reasonable
person would have known.

77.    The actions of the defendants herein, including
John Does to be name, were committed and constitute a crime,
actual fraud, actual malice or willful misconduct.

WHEREFORE, PLAINTIFF, Craig Francis Szemple, demands
judgment against the defendants, in their individual and official
capacity, as may be appropriate, jointly, severally, and in
the alternative, or such of them as may be determined to be
liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action
including reasonable counsel fees, if any; and,

Plaintiff to have other such relief and further relief

as may be proper.

## THIRTEENTH CAUSE OF ACTION

### State Constitutional Claims)

78.    The Plaintiff repeats and incorporates the allegations complained in the prior counts as if set forth herein at length.

79.    The illegal and unconstitutional acts of the defendants herein both in their individual and official capacities, constitute acts and a custom and/or policy to violate the constitutional rights of Plaintiff including, but not limited to, Article I, ¶1 (Due process and equal protection) and Art.I, para.12, to be free from cruel and unusual punishment, of the Constitution of the State of New Jersey.

80.    The above acts where committed by persons and/or entities as the case may be acting under the color of State law and authority and violated clearly established statutory or constitutional rights of Plaintiff of which a reasonable persons would have known.

81.    The actions of the defendants, RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer Jane and John Doe(s)1-10, were committed and constituted a crime, actual fraud, actual malice or willful misconduct.

82.    As a direct and proximate result of the aforesaid conduct of the defendants named herein, including any John Does to be named, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants in their individual and official

capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## FOURTEENTH CAUSE OF ACTION

### (Federal Constitutional Tort)

83. The Plaintiff repeats and incorporates the allegations complained in the prior counts as if set forth herein at length.

84. The acts of the defendants herein both in their individual and official capacities, constitute a violation of Plaintiffs constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution giving rise to a common law tort action.

85. The above acts were committed by persons and/or entities as the case may be acting under the color of State law and authority and violated clearly established statutory or constitutional rights of plaintiff of which a reasonable person would have known.

86. The actions of the defendants, RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,Perer Connolly, Shah, Komarasji, Borowski and Jane and John Doe(s)

1-10, were committed and constituted a crime, actual fraud, actual malice or willful misconduct.

87. As a direct and proximate result of the aforesaid conduct of the defendants named herein, including any John Does to be named, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## FIFTEENTH CAUSE OF ACTION

### (State Constitutional Tort)

88. The Plaintiff repeats and incorporates the allegations complained in the prior counts as if set forth herein at length.

89. The acts of the defendants herein both in their individual and official capacities, constitute a violation of the Plaintiffs constitutional rights to equal protection of the laws guaranteed under the New Jersey Constitution, Article I, ¶ 7, giving rise to a common law tort action. The above acts were committed by persons and /or entities as the case may be

acting under the color of State law and authority and violated clearly established statutory or constitutional rights of Plaintiff of which a reasonable person would have known.

90.     The actions of the defendants herein, including any John Does to be named, were committed and constitute a crime, actual fraud, actual malice or willful misconduct.

91.     As a direct and proximate result of the aforesaid conduct of the defendants named herein, including any John Does to be named, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from the defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.


## SIXTEENTH CAUSE OF ACTION

### (Fraud)


92.     The Plaintiff repeats and incorporates the allegations complained in his prior counts as if set forth herein at length.

93.     Each of the defendants, RUTGERS/UCHC, NJDOC,

SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer Connolly, Shah, Komorski,Borowski Jane and John Doe(s) 1-10, individually and in their official capacities, together with each other, and in concert with one another, intentionally misrepresented material facts as to Plaintiff as to his dental condition.

94.    Said representations of each of the named defendants were relied upon by the Plaintiff, and others, to the detriment of Plaintiff.

95.    Said misrepresentations by the named defendants were the direct and proximate cause of significant and severe injury to the Plaintiff.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

## SEVENTEENTH CAUSE OF ACTION

### (Conspiracy)

96.    The Plaintiff repeats and incorporates the

allegations complained in the prior counts as if set forth herein
at length.

97.     Defendants, RUTGERS/UCHC, NJDOC,
SFMC,HRISHIKESAN,Gonzalez,lanigan,Soliman,robinson,brigilia,perer
Connolly, Shah, Komarski, Borowski,Jane and John Doe(s) 1-10,
in their official and individual capacities, conspired with
one another to deprive Plaintiff of his health, liberty and
/or property. The aforementioned defendants conspiracy included,
but was not limited to:

     A.     Conspiracy to violate the civil rights of
Plaintiff in violation of the Civil Rights Act, title 42 U.S.C.
§ 1985;

     B.     Conspiracy to defraud the deprive the
Plaintiff of his health and wellbeing.

98.     The above acts where committed by persons and /or
entities as the case may be acting under the color of State
law and authority and violated clearly established statutory
or constitutional rights of Plaintiff of which a reasonable
person would have known.

99.     It was the practice of Defendants, RUTGERS/UCHC,
NJDOC,
SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perer
a,Connolly, Shah, Borowski,Komoraski and  Jane and John
Doe(s)1-10 to authorize certain defendants and/or their agents
over whom their had supervisory authority to conspire to deprive
persons of their liberty and property and cause persons such
as Plaintiff to be denied their constitutionally protected right

to due process, and denied their constitutionally protected right to be free from unreasonable search and seizure, as guaranteed by the Constitution of the United States of America under the First, Fourth, Fifth, Sixth and Fourteenth Amendments. These policies and practices of defendants, RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,brigilia,perera, Connolly, Shah, Borowski, Komarski,Jane and John Doe(s) 1-10, encouraged and caused constitutional violations by the aforementioned defendants over whom they had supervisory authority.

100.    At all times pertinent hereto, defendants, RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman, robinson,brigilia,perera,Connolly, Shah, Borowski, komorski , Jane and John Doe(s) 1-10, supervised the aforementioned defendants who unlawfully violated Plaintiffs constitutional rights and encouraged and tolerated the policies and practices described in the foregoing paragraphs.

101.    Defendants RUTGERS/UCHC, NJDOC, SFMC,HRISHIKESAN,Gonzalez,lanigan,soliman,robinson,Brigilia,perer Connolly, Shah, Borowski,Komorskia,and  Jane and John Doe(s) 1-10, refused to adequately train, direct, supervise, or control the aforementioned defendants so as to prevent the violation of

Plaintiffs constitutional rights.

102.    The actions of the defendants herein were committed and constituted a crime, actual fraud, actual malice or willful misconduct.

103.    As a proximate result of the wrongful conduct of the defendants as set forth above, the Plaintiff was deprived of his health and/or property, has and will suffer emotional pain, has suffered personal injury, embarrassment and humiliation.

WHEREFORE, Plaintiff, Craig Francis Szemple, demands judgment against the defendants, in their individual and official capacity, as may be appropriate, jointly, severally and in the alternative, or such of them as may be determined to be liable under the premises;

Plaintiff to recover compensatory and punitive damages;

Plaintiff to recover from defendants the cost of this action including reasonable counsel fees, if any; and,

Plaintiff to have such other relief and further relief as may be proper.

EXECUTED on this 10th day of APRIL 2019.

Craig Francis Szemple

Plaintiff/Pro-se

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that the Plaintiff hereby demands a trial by jury as to all issues so triable.

EXECUTED on this 10th day of APRIL 2019.

Craig Francis Szemple

Plaintiff/Pro-se

## CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other party should be joined in this action.

EXECUTED on this 10th day of APRIL 2019.

Craig Francis Szemple/Pro-se

## DECLARATION

CRAIG FRANCIS SZEMPLE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

That he is the Plaintiff for this litigation and is representing himself, that he has read the above mentioned complaint and knows the contents by official government documents, official sources, first hand experiences, and, based

upon information and belief, the allegation contained in the complaint are true.

EXECUTED on this 10th day of APRIL 2019.

CRAIG FRANCIS SZEMPLE

PLAINTIFF/PRO SE

DATED: