<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG FRANCIS SZEMPLE, | : : | |
| Plaintiff, | : : | Civil Action No. 19-13300 (JMV) (JBC) |
| v. | : : | **OPINION** |
| RUTGERS UNIVERSITY, et al., | : : | |
| Defendants. | : : | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the Court will dismiss with prejudice Plaintiff's claims against the New Jersey Department of Corrections, Northern State Prison, and his official capacity claims against the individual Defendants. The Court will dismiss without prejudice the remainder of the Complaint.

**I.   BACKGROUND**

This case arises from Plaintiff's incarceration at various prisons in New Jersey. Plaintiff has been incarcerated since 1994 and is "serving three life sentences for convictions on two counts of murder and one count of aggravated manslaughter." *Szemple v. New Jersey Dep't of Corr.*, No. A-2324-09T2, 2012 WL 3640771, at *1 (N.J. Super. Ct. App. Div. Aug. 27, 2012).

Plaintiff names the following parties as Defendants in this matter: (1) Rutgers University; (2) UCHC; (3) Saint Francis Medical Center; (4) SFMC; (5) the New Jersey Department of Corrections ("NJDOC"); (6) NJDOC Commissioner; (7) George Robinson; (8) Northern State Prison; (9) M.D. Hesham Soliman; (10) Art Brewer; (11) William Briglia, M.D.; (12) Sharmalie

Perera, M.D.; (13) Sandra Connolly, M.D.; (14) Michelle Borowski, M.D.; (15) Geetha Chrishikesan, M.D.; (16) RN Rhonda Keuto; (17) LPN Maureen Komaraski; (18) G. White; (19) APN Fedai; (20) SCO Saunders; (21) SCO Gonzalez; (22) SCO Ramos; (23) SCO Culibette; (24) SCO Morton; (25) NJDOC Central Transport Unit; (26) Rajiv Shah, M.D.; and (27) John Does 1-10.

The following facts are alleged by Plaintiff.  In 1994, Plaintiff entered New Jersey State Prison in excellent health.  According to Plaintiff, in 2009, after unspecified "medical malpractice, deliberate indifference[,] and negligence," his medical conditions deteriorated to the point where surgery was necessary to address his hernias and hydroceles (a fluid filled mass). (D.E. 1, at 5.) Nevertheless, unspecified Defendants delayed his surgery for another six years. (*Id*.)  Thereafter, in 2016, unspecified Defendants[1] performed hernia surgeries, but had knowingly used defective mesh implants. (*Id*.)

At some point in 2017, unspecified Defendants executed a general medication reduction campaign at the prison, "under the guidance of defendants Perera/Connolly." (*Id*.)  It is unclear, however, which medications are at issue for Plaintiff, and whether the medications were completely taken away or reduced in dosage.  After many months of pain and issues with his mesh implants, on February 3, 2017, Plaintiff consented to additional treatment "even if it meant more surgery," but it is unclear if he underwent additional surgeries.  (*Id*. at 11.)

On May 21, 2019, Plaintiff filed the instant, seventeen count Complaint, seeking damages for violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, and various state law causes of action.

---

[1] In a passing reference, Plaintiff implies that Defendant Shah played some role in his hernia surgery, but it is unclear if Shah alone or some combination of Defendants performed the surgery. (D.E. 1, at 14.)

2

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which provides as follows:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019).  In other words, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.  DISCUSSION

#### A.  Eleventh Amendment Immunity and Section 1983 Prohibition

As an initial matter, to be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983.  Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In this case, Plaintiff has filed suit against the New Jersey Department of Corrections ("NJDOC") and Northern State Prison.  In the Third Circuit, courts have consistently held that the NJDOC and its subsidiaries, like Northern State Prison, are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr.*

4

*Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).  Consequently, the Court will dismiss with prejudice all claims against the NJDOC and Northern State Prison.

Similarly, the individual Defendants that are agents or employees of the NJDOC are not "persons" within the meaning of § 1983 when acting in their official capacity. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249, 254 (3d Cir. 2010) (finding that "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity").  Accordingly, the Court will dismiss with prejudice all claims against the individual Defendants in their official capacities.

### B.  Remaining Claims and Rule 8

The Court finds that the remainder of the Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim.  As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against any particular Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

Although the Complaint gives an overview of events that occurred from prior to 2009 through October of 2018, it contains nearly no factual allegations specific to any particular Defendant.  For example, Plaintiff names Defendants Robinson, Soliman, Brewer, Briglia, Borowski, Chrishikesan, Keuto, Komaraski, White, Saunders, Gonzalez, Ramos, Culibette, and Morton as Defendants in this matter, but fails to delineate their actions[2] anywhere in the factual background of the pleading. (D.E. 1, at 1–22.)  Instead, throughout the factual background,

---

[2] Plaintiff does make a passing reference to Defendant Soliman missing one appointment, and Defendant White acting as an ombudsperson, but such allegations, standing alone, fail to state a claim.

Plaintiff generally refers to the "defendants" collectively. (*Id*.) As a result, Defendants would be unable to discern which allegations apply to any of them individually. For instance, it is clear that Plaintiff does not mean to suggest that every single Defendant performed surgery upon him. (D.E. 1, at 6.) This group pleading is prohibited. *Galicki v. New Jersey*, 2015 U.S. Dist. LEXIS 84365, at *8 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, 2013 U.S. Dist. LEXIS, at *12 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id.* at *11.

On the other hand, the Complaint has more specific allegations regarding Defendants Connolly and Perera, but the allegations address the creation of a cost savings policy at the jail more generally. (*Id*. at 5.) In other words, the Complaint fails to specify if Defendants Connolly and Perera personally denied treatment, when those denials occurred, under what circumstances, or which subordinates acted on that policy to Plaintiff's detriment.

Additionally, the Complaint often meanders back and forth, years at a time, within the same paragraphs. It is unclear if these are typographical errors, but they make it difficult to decipher the allegations against each Defendant and determine when they took place. (*See, id.* at 10–16.) This is particularly relevant, since, as discussed below, it appears that the vast majority of Plaintiff's claims are time-barred.

Further, although Plaintiff identifies the individual Defendants under his seventeen causes of action, this part of the Complaint is a collection of bare conclusions against the Defendants,

6

which is insufficient to state a claim for relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  Most of the counts follow the same pattern, Plaintiff names a number of Defendants, if not all of the Defendants, and then concludes that they violated his rights, without alleging any facts to support those conclusions.

For all of those reasons, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.  Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss the remainder of the Complaint, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

Additionally, although not necessary to the Court's disposition, the Court observes that the majority of Plaintiff's allegations take place from before 2009 through May of 2017, over two years before Plaintiff filed the Complaint on May 21, 2019.  The statute of limitations on § 1983 and personal injury claims in New Jersey is two years. *Briggs v. Becker*, No. 18-16773, 2019 WL 2022372, at *2 (D.N.J. May 8, 2019).

Consequently, assuming Plaintiff had otherwise properly pleaded his claims, the statute of limitations would apparently bar all § 1983 and personal injury claims that began to accrue before May 21, 2017, absent other considerations such as equitable or statutory tolling. *See id.* (detailing examples of statutory and equitable tolling). Accordingly, if Plaintiff wishes to pursue those earlier allegations and believes he can assert facts that warrant tolling, he must include the basis for such tolling in his motion to reopen.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the NJDOC, Northern State Prison, and his official capacity claims against the individual

Defendants. The Court will dismiss without prejudice the remainder of the Complaint. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above as to the claims/Defendants that are dismissed without prejudice. If Plaintiff does not file an amended complaint within the allotted time, then the claims/Defendants dismissed without prejudice will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: 2/22/21

                                                      JOHN MICHAEL VAZQUEZ
                                                     United States District Judge