# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

Counselors at Law
79 MAINBRIDGE LANE
WILLINGBORO, NEW JERSEY 08046

TELEPHONE:   (609) 877-5511
FACSIMILE:    (609) 877-7755

MICHAEL A. ARMSTRONG+
Email:  maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email:  chb@armstronglawfirm.com

MORRISON KENT FAIRBAIRN+
Email:  mkf@armstronglawfirm.com

ALEXIS A. COTSALAS
Email:  aac@armstronglawfirm.com

+MEMBER NJ, NY & GA BARS

+MEMBER NJ & PA BARS



July 18, 2024

**VIA ECF**
Hon. Justin T. Quinn, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      **RE:**   **Szemple v. Rutgers University, et al.**
            Case Nos.: 3:19-cv-12746 and 3:19-cv-13300
            Our file No.:   579-79-24

Dear Judge Quinn:

      Please accept this letter in opposition to Plaintiff's counsel's letter dated June26, 2024 requesting that the above noted matters be consolidated.

      As Your Honor is aware, I represent the State of New Jersey Defendants (hereinafter "State Defendants") in the matter listed under docket number 3:19-cv-12746 only.  A review of the Docket Report for the Complaint filed under docket number 3:19-cv-13300 revealed that the claims against all of the State Defendants were terminated on March 25, 2020 in an opinion issued by the Honorable Peter G. Sheridan, U.S.D.J. ("Exhibit A", ECF Document #14). Consequently, if these matters were to be consolidated, it would be in conflict with Judge Sheridan's determination that the State Defendants in the current action not be exposed to claims that he previously determined were without merit in the other action.

      Moreover, pursuant to Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  The moving party bears the burden of persuasion as to consolidation.  E.g., In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998) (citing In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993)).  If the movant establishes a common issue of law or fact, the Court has the discretion to consolidate the cases. Id. The existence of common issues, however, does not require consolidation.  Id.  Courts weigh the interests of judicial economy against the potential for new delays, expense, confusion or prejudice.  Ibid.  Here, Plaintiff's counsel candidly admits in his letter that there are separate and distinct issues which must preclude consolidation under Rule 42.

   For the foregoing reasons, if the matters are consolidated, this would result in prejudice to the State Defendants.  Therefore, I object to the consolidation of the above noted matters on behalf of the State Defendants.

Respectfully submitted,

*/s/Michael A. Armstrong*

Michael A. Armstrong

Cc:  All Counsel of Record via ECF